Allen L. Kelly, v. Chicago, Burlington & Quincy Railroad Company, Appellee. David K. Tone, Intervening Petitioner, Appellant.

## Gen. No. 24,671.

1. APPEAL AND ERROR, § 273*—*what is an interlocutory, unappealable order.* Where a certificate of evidence in a proceeding in which an attorney sought to recover his fee was delivered to him for examination and stolen while in his possession, an order by the court requiring him to produce a copy of such certificate was interlocutory and not appealable.

2. APPEAL AND ERROR, § 303*—*when appeal lies from imposition of fine or imprisonment for contempt.* While an interlocutory order is not appealable the one to whom it is directed may refuse to obey it and, upon the imposition of a fine or imprisonment for contempt, may then prosecute an appeal.

Appeal from the Circuit Court of Cook county; the Hon. DAVID F. MATCHETT, Judge, presiding. Heard in this court at the October term, 1918. Appeal dismissed. Opinion filed March 10, 1919.

DAVID K. TONE, *pro se.*

J. A. CONNELL, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

David K. Tone, the appellant, is a lawyer practicing at this bar. He was the attorney for the plaintiff in the above entitled cause, in which he intervened, which said cause was settled between the parties by the payment to the plaintiff by the defendant company of $6,000. Tone claimed a lien for his fees earned as an attorney under the Attorneys' Liens Statute of this State, and filed an intervening petition making such claim. On a hearing, Tone proved his claim under a contract with his client, Kelly, and there was a judg-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ment for $1,200, from which defendant prayed and perfected an appeal to this court.

A certificate of evidence was presented to the trial judge September 28, 1917, in this matter, who so marked the same. Thereupon the certificate of evidence was delivered to Tone for examination. As Tone failed upon request to deliver the certificate of evidence for filing and approval, he was, on motion duly made and an affidavit setting forth the material facts, ruled by the court to produce for approval and filing within 10 days the certificate of evidence. This Tone failed to do, but filed an answer to the rule in which he admitted the receipt of the certificate of evidence, but sought to excuse his failure to produce the same for filing and approval by swearing that he put the certificate of evidence in his grip and put the grip in his automobile and covered the grip with robes; that the said automobile stood on a street in the City of Chicago, and that while he, Tone, was absent from the automobile a short time the grip with the certificate of evidence was stolen; that the stealing occurred without any fault or negligence on his part; that he has made every effort to recover the certificate of evidence but without avail, and consequently it was not within his power to produce the same; and asked for a discharge of the rule.

It having been made to appear to the court by affidavits that Tone could, if he would, furnish a copy of the certificate of evidence from the stenographer who had furnished the original to defendant, and that it was his own fault that he failed to do so, the court on February 23, 1918, ordered Tone to procure and deliver to the clerk of the court within 15 days a transcript of the proceedings had upon the intervening petition and of appellee's exhibits in said matter. From this order Tone prayed and was allowed and perfected the appeal which is now before us.

This order is interlocutory and not appealable. It was made in the orderly administration of the court's

business and is in no sense a final judgment. It is clear from Tone's own statements, if they be true, that he lost the certificate of evidence, and whether the act of so doing was malevolent or accidental is of no importance to the court's right to order him to make restitution.

For the court to have heeded the contentions of Tone would be to put the burden and expense of reproducing the certificate of evidence upon an innocent party. When Tone took the certificate of evidence he did so with an implication, which needed no words to accentuate, that he would return it so that it might be filed in the cause and approved by the court.

What was said in *Lester v. People,* 150 Ill. 408, is both applicable and controlling in the instant case:

"As a general rule, mere errors in making interlocutory orders will furnish no justification for refusing to obey the same, where they do not subject the party to the payment of money, or imprisonment. If the party against whom such order is made wishes to contest the validity or propriety of the order, he may refuse to obey, and in the further proceeding for contempt he may show in defense that the court had no authority to make the order, and if his defense is disallowed, and judgment is entered against him for a sum of money by way of fine, enforceable by execution or imprisonment, an appeal in his favor will lie."

If the trial judge should, as he may if Tone shall continue to remain contumacious, either fine or imprison him for contempt of court in failing to obey the court's order, then he will be in a position, if he sees fit, to prosecute an appeal to this court.

As the order appealed from is but interlocutory, the appeal was improvidently granted and it is therefore dismissed.

*Appeal dismissed.*